# SUPREME BENCH OF BALTIMORE CITY.

Filed June 28, 1907.

## STATE OF MARYLAND
## VS.
## ALONZO M. HURLOCK.

*Roland B. Harvey* for the State.
*Osborne I. Yellott* for traverser.

ELLIOTT, J.—

The traverser in this case was arrested on the 1st day of December, 1906, by officer Norris, in Druid Hill Park, charged with exceeding the speed limit prescribed by Section 134 of Chapter 449 of the Acts of Assembly, 1906, for the running of automobile or motor vehicles.

Immediately after being put under arrest, he was taken to the Northern

Police Station, and brought before Police Justice J. McKenney White, who was then and there sitting as the Police Justice for the Northern District.

Upon being brought before said justice, the traverser waived a hearing by him, and was, at his own request, released upon his own recognizance for his personal appearance before the Criminal Court of Baltimore City.

Subsequent to his said release, the traverser was duly presented and indicted by the grand jury in and for the City of Baltimore, and upon trial was, on the 9th day of April, 1907, convicted in the Criminal Court as charged in the indictment.

On April 10th, 1907, the traverser filed a motion in arrest of judgment, and on the following day a motion for a new trial.

As grounds for his motion in arrest, the traverser averred that the court before which he was tried had no jurisdiction over the offense set out in the indictment, and that the Grand Jury by which he had been indicted had no authority to inquire into said offense.

As reasons for the granting of a new trial, the traverser alleged that the verdict was against the evidence and against the weight of the evidence.

In disposing of these motions we content ourselves with saying, so far as the one for a new trial is concerned, that there was evidence which, if believed by the jury, was sufficient to justify the verdict. The jury trial had been prayed by the traverser, and we know of no good reason why the verdict should be disturbed.

The motion in arrest, being, as it is, nothing but a plea to the jurisdiction comes too late. It has been decided so often and so clearly by our own Court of Appeals to be now questioned, that such a defense should be availed of by demurrer to the indictment, and that proceeding to trial must be taken as a waiver of the right to object to any defect that could have been availed of on demurrer. Maryland Code, Volume 1, Article 27, Section 432; State vs. Phelps, 9th Md., 21-26; Costly vs. State, 48th Md., 175.

We have thought it well in connection with this case to call attention to the fact that the method of procedure taken therein is not in accordance with that prescribed in Section 139 of Chapter 449 of the Acts of 1906, which expressly provides that "any person charged with the violation of any of the provisions of this sub-title, and being convicted thereof before any committing magistrate or justice of the peace of this State shall have the right to appeal from the judgment of such magistrate to the Criminal Court of Baltimore City, * * * and such court on such appeal shall hear the case *de novo;* provided, however, such appeal shall be taken within thirty days from the date of such judgment."

It is therefore the proper practice for the magistrate before whom the accused is brought to try the case, notwithstanding any attempt on the part of such person to evade a trial before him by waiving a hearing, or demanding a jury trial, and if the defendant is not satisfied with the magistrate's decision, he has an appeal to the Criminal Court.

—*The motion in arrest of judgment will be overruled.*